## ESPARZA v. CITY OF EL PASO.
### (No. 2031.)

Court of Civil Appeals of Texas.    El Paso.
June 16, 1927.

Rehearing Denied June 30, 1927.

**1. Municipal corporations ⊛➡706(6)—Whether driver of truck injuring boy on bicycle was maintaining proper lookout held for jury.**

In action for death of boy run over by truck while riding bicycle, evidence that truck driver did not know of accident until he had proceeded some distance, when he was overtaken by some person or persons who informed him of it, *held* sufficient to go to jury on issue whether he was maintaining a proper lookout.

**2. Municipal corporations ⊛➡705(2)—Operator of motor vehicle must keep vigilant watch ahead for pedestrians and other vehicles.**

It is the duty of the operator of a motor vehicle to keep a vigilant watch ahead for pedestrians and other vehicles, and, at the first appearance of danger, to take proper steps to avert it.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Bulmoro Esparza against the City of El Paso. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Harper & Howard and John F. Weeks, all of El Paso (John B. Howard, of El Paso, of counsel), for appellant.

W. H. Scott, City Atty., of El Paso, for appellee.

PELPHREY, C. J. Fernando Esparza, a boy about 12 years old, was run over by a garbage truck owned and operated by the city of El Paso, Tex., and died from the injuries received. His father brought this suit to recover damages for the alleged negligent killing of his son.

A peremptory instruction was given in favor of appellee, and the giving of such instruction is the only assigned error.

Appellant in his petition alleged that the deceased was riding a bicycle going east on Second street in the city of El Paso, and exercising due care for his own safety, when the driver of the truck ran the same over him.

Negligence on the part of the driver of the truck was alleged in the following respects: (1) In having the curtains closed on the seat of the truck so that the driver could not maintain a proper lookout for persons using the streets in front of him; (2) in operating the truck at a high and dangerous rate of speed; (3) in failing to maintain a proper lookout.

[1] The evidence is undisputed that the truck, after running over the deceased, pro-

ceeded for some distance, when it was overtaken by some person or persons who informed the driver he had run over some one.

It is quite evident that this was the first information the driver and other occupants of the truck had of the accident. The truck returned to the place of the accident, and carried the boy to the emergency hospital.

While we do not believe the evidence is sufficient to call for submission to the jury of the first two grounds of negligence alleged, yet we feel that the circumstances of this particular case are such as to furnish an issue as to the third ground of negligence, and that the jury should have been called upon to decide whether the driver of the truck was negligent in failing to keep a proper lookout, and, if so, if such negligence was the proximate cause of the accident.

[2] It is the duty of the operator of a motor vehicle to keep a vigilant watch ahead for pedestrians and other vehicles, and at the first appearance of danger to take proper steps to avert it. 28 Cyc. p. 29.

Without discussing the evidence in detail, there is evidence to the effect that the deceased was ahead of the truck as it turned into Second street, and, the evidence being uncontradicted that the driver and occupants of the truck did not see deceased, a jury might be warranted in finding that the driver of the truck was not keeping the lookout that the circumstances of the case required, and in failing so to do was negligent.

We think the facts of this case are such that the above issue should have been submitted to the jury, and that the trial court erred in giving the peremptory instruction.

Reversed and remanded.